IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAMIRO MENDOZA-GONZALEZ, | § | |
| Fed. Reg. No. 54457-180, | § | |
| Movant, | § | |
| | § | |
| v. | § | EP-06-CA-0163-DB |
| | § | EP-04-CR-2770-DB |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Ramiro Mendoza-Gonzalez's ("Mendoza") *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" ("Motion to Vacate") [Docket No. 36].[1] Therein, Mendoza challenges his forty-one-month sentence for illegal reentry into the United States. After reviewing the record, the Court finds Mendoza's claims are procedurally defaulted. The Court therefore concludes Mendoza has failed to establish his entitlement to relief pursuant to § 2255, and will accordingly dismiss his civil cause with prejudice.[2] The Court will additionally deny Mendoza a certificate of appealability.

### I.    BACKGROUND

   A.    *Criminal Cause No. EP-04-CR-2770-DB*

On December 21, 2004, the Grand Jury sitting in El Paso, Texas, returned a one-count

---

[1] "Docket" in this context refers to the criminal docket in cause number EP-04-CR-2770-DB.

[2] *See* U.S.C.S. § 2255 PROC. R. 4(b) (West 2008) (requiring a district court to dismiss a § 2255 motion when it plainly appears from the face of the motion, annexed exhibits, and prior proceedings in the case that the movant is not entitled to relief).

"Indictment" [Docket No. 7] charging Mendoza with illegal reentry into the United States after his removal, in violation of 8 U.S.C. § 1326. Maximum punishment for illegal reentry, in violation of § 1326(a), includes imprisonment for not more than two years. With the Indictment, however, Respondent (hereinafter, "the Government") filed a "Notice of Intent to Seek Increased Statutory Penalty" [Docket No. 8], pursuant to § 1326(b)(2), based on a prior felony conviction. Under this section, Mendoza became subject to imprisonment for not more than twenty years.

Mendoza elected to forego trial, choosing instead to plead guilty. The Court accepted Mendoza's plea and sentenced him to a forty-one months' imprisonment followed by three years' supervised release. It additionally ordered Mendoza to pay a $100 special assessment.

B.   *Appeal No. 05-50554*

Mendoza timely filed a notice of appeal.[3] On appeal, Mendoza argued, in light of *Apprendi*,[4] that the forty-one-month term of imprisonment imposed by the Court exceeded the statutory maximum sentence allowed for the § 1326 offense charged in the Indictment. He also challenged the constitutionality of § 1326(b)'s treatment of prior felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. The Court of Appeals

---

[3] *United States v. Mendoza-Gonzalez*, No. 05-50544, 169 Fed. Appx. 323 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 168 (2006).

[4] *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.").

for the Fifth Circuit rejected Mendoza's claims as foreclosed by *Almendarez-Torres*,[5] and affirmed the Court's Judgment.

      C.    *Mendoza's Motion to Vacate pursuant to 28 U.S.C. § 2255*

In his Motion to Vacate, Mendoza raises four grounds for relief.[6] First, Mendoza contends his prior aggravated felony conviction was not an element of the illegal reentry offense charged in the Indictment ("Ground One"). Second, he argues the Court erred when it sentenced him to a prison term of forty-one months under § 1326(b) instead of twenty-four months or less under § 1326(a) ("Ground Two"). Third, Mendoza claims the Indictment did not allege his prior conviction. Thus, he argues, his sentence could not exceed twenty-four months ("Ground Three"). Fourth, Mendoza asserts the Indictment lacked sufficient details to allege a violation of 18 U.S.C. § 2113 (bank robbery and incidental crimes) ("Ground Four").

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[7] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional

---

[5] *See Almendarez-Torres*, 523 U.S. at 234 (holding that § 1326(b)(2) is a penalty provision and does not serve to define a separate immigration-related offense).

[6] It is well settled that pro se pleadings must be construed liberally. *See e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "A habeas petition 'need only set forth facts giving rise to the cause of action.'" *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Liberal construction includes "active interpretation in some cases to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)).

[7] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[8]  Typically, before a court will grant relief pursuant to § 2255, the movant must establish "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[9]  Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal.[10]  When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error; or (2) show that he is "actually innocent" of the crime for which he was convicted.[11]  The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal."[12]  If the movant does not meet either burden, then he is procedurally barred from attacking his

---

[8] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[9] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[10] *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991).

[11] *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999).

[12] *Gaudet*, 81 F.3d at 589.

conviction or sentence.[13] This procedural default does not apply, however, to claims which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel.[14]

With these principles in mind, the Court turns to the merits of Mendoza's claims.

## III. ANALYSIS

It is well settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal.[15] "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 Motions."[16] It is also well settled that a collateral challenge may not take the place of a direct appeal.[17] Accordingly, if Mendoza raised or could have raised his constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he first shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent.[18]

---

[13] *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).

[14] *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (stating the general rule in the Fifth Circuit is that, except in rare instances where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations).

[15] *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993).

[16] *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614, F.2d 80, 82 (5th Cir. 1980)).

[17] *Shaid*, 937 F.2d at 231.

[18] *Id.* at 232.

In his first three grounds for relief in his Motion to Vacate, Mendoza claims: (1) his prior aggravated felony conviction was not an element of the illegal reentry offense charged in the indictment; (2) the Court erred when it sentenced him to a prison term of forty-one months under § 1326(b) instead of twenty-four months or less under § 1326(a); and (3) the Indictment did not allege his prior conviction and his sentence could not exceed twenty-four months. In his direct appeal, Mendoza similarly argued: (1) § 1326(b) defined a separate offense which included a prior conviction as an element; (2) his indictment failed to state a § 1326(b) offense because it did not allege a prior conviction; and (3) any sentence of imprisonment in excess of twenty-four months exceeded the statutory maximum and violated the Constitution. The Fifth Circuit rejected these arguments as foreclosed by *Almendarez-Torres*, "which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense."[19] In his fourth ground for relief, Mendoza asserts the Indictment lacked sufficient details to allege a violation of 18 U.S.C. § 2113. Mendoza clearly could have brought up this claim for relief in his direct appeal. The Court, therefore, finds Mendoza raised or could have raised all his grounds for relief in the instant Motion to Vacate in his prior direct appeal.

As the Court has explained above, procedurally defaulted claims may only be considered if the movant shows cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors or his actual innocence.[20] In the instant case, Mendoza has not asserted he is actually innocent of the crime for which he stands convicted. Additionally, he has

---

[19] *Mendoza-Gonzalez*, 169 Fed. Appx. at 323.

[20] *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *Gaudet*, 81 F.3d at 589.

not demonstrated cause for not raising his fourth ground for relief on direct appeal or actual prejudice resulting from the error. Because, Mendoza has failed to identify any countervailing equitable considerations which would warrant an adjudication of his claims by this Court, it will deny him relief.

## IV.   CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[21] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[22] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which certificate of appealability is granted.[23] Although Mendoza has not yet filed a notice of appeal, this Court nonetheless may *sua sponte* address whether he is entitled to a certificate of appealability.[24]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[25] To warrant a grant of the certificate as to

---

[21] 28 U.S.C.A. § 2253(c)(1)(B) (West 2008).

[22] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[23] *See* 28 U.S.C.A. §2253(c) (setting forth the narrow scope of appellate review in habeas corpus matters); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues).

[24] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining it is appropriate for district court to address *sua sponte* issue of whether a certificate of appealability should be granted or denied, even before one is requested).

[25] 28 U.S.C.A. § 2253(c)(2).

claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[26] Here, Mendoza's Motion to Vacate fails because his claims are procedurally defaulted. Reasonable jurists would not debate the Court's procedural ruling. Accordingly, the Court finds Mendoza is not entitled to a certificate of appealability.

## V. CONCLUSION AND ORDER

For the reasons stated, the Court concludes it should deny Mendoza's Motion to Vacate and dismiss his civil cause. The Court further concludes Mendoza is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

1. Movant Ramiro Mendoza-Gonzalez's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" [Docket No. 36] is **DENIED** as procedurally defaulted and his civil cause is **DISMISSED WITH PREJUDICE**.

2. Movant Ramiro Mendoza-Gonzalez is **DENIED a CERTIFICATE OF APPEALABILITY**.

---

[26] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of section 2255 proceedings).

3.  All pending motions in this cause, if any, are **DENIED AS MOOT**.

**SO ORDERED.**

**SIGNED** this __23rd__ day of **September 2008.**

_____
**DAVID BRIONES
UNITED STATES DISTRICT JUDGE**